| | |
|---|---|
| 1 | ELYSE D. ECHTMAN (admitted *pro hac vice*) |
| | eechtman@orrick.com |
| 2 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 51 West 52nd Street |
| 3 | New York, New York 10019 |
| | Telephone:  (212) 506-5000 |
| 4 | Facsimile:   (212) 506-5151 |
| 5 | CHRISTINA GUEROLA SARCHIO (admitted *pro hac vice*) |
| | csarchio@orrick.com |
| 6 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 1152 15th Street, N.W. |
| 7 | Washington, D.C. 20005 |
| | Telephone:  (202) 339-8400 |
| 8 | Facsimile:   (202) 339-8500 |
| 9 | KATIE LIEBERG STOWE (STATE BAR NO. 257206) |
| | kstowe@orrick.com |
| 10 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | The Orrick Building |
| 11 | 405 Howard Street |
| | San Francisco, California 94105 |
| 12 | Telephone:  (415) 773-5700 |
| | Facsimile:   (415) 773-5759 |
| 13 | |
| 14 | Attorneys for Defendants |
| | Talkatone, Inc., Talkatone, LLC, and Ooma, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHELLE HERNANDEZ, ASHLEY SALINAS, JOHN RAMIREZ, and ANDRE RUFUS, individuals and on behalf of a class of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> TALKATONE, INC., a Delaware corporation, TALKATONE, LLC, a Delaware limited liability company, OOMA, INC., a Delaware corporation, and DOES 1-100, inclusive, <br><br> Defendants. | Case No. 15-cv-03703 PSG <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** <br><br> **Hon. Paul S. Grewal** <br><br> **Hearing Date:** December 1, 2015 <br> **Hearing Time:** 10:00 a.m. <br> **Courtroom:** 5 |

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Talkatone, Inc., Talkatone, LLC, and Ooma, Inc. ("Defendants") request that the Court take judicial notice of the following documents, attached hereto as Exhibits A–E, in connection with Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint (the "Complaint"):

| Exhibit | Description |
| --- | --- |
| A | Fourth Amended Class Action Complaint, *McKenna v. WhisperText, LLC*, No. 14-CV-00424-PSG (Docket No. 68) (N.D. Cal. Mar. 9, 2015) |
| B | Talkatone video tutorial: Instagram, Talkatone Video Tutorial, http://bit.do/tktninvite |
| C | Talkatone webpage: Talkatone, *Knowledge Base: Invite your Contacts to join Talkatone*, http://support.talkatone.com/customer/en_us/portal/articles/1908072-invite-your-contacts-to-join-talkatone |
| D | The Federal Communications Commission's ("FCC") 2003 Telephone Consumer Protection Act ("TCPA") Declaratory Ruling: *In the Matter of Rules & Regulations Implementing the Tel. Consumer Protection Act of 1991, Report & Order*, CG Docket No. 02-278, 18 F.C.C. Rec'd 14014 (2003) |
| E | The FCC's 2015 TCPA Declaratory Ruling & Order: *In the Matter of Rules & Regulations Implementing the Tel. Consumer Protection Act of 1991, Declaratory Ruling & Order*, CG Docket No. 02-278 (2015) |

Judicial notice of the foregoing documents is proper. The Court may judicially notice facts not subject to reasonable dispute because they are (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

Exhibit A cannot be subject to reasonable dispute because it is contained within the files of the Court. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of documents from court records).

Exhibits B and C are publically available on the internet, and Plaintiffs reference both the website and video in their complaint. Compl. ¶ 22. Under settled Ninth Circuit law, documents are incorporated by reference into a complaint if their "contents are alleged in a complaint and [their] authenticity no party questions, but which are not physically attached to the [complaint]." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). "The court may treat such a document as

'*part of the complaint*'" and "*may assume that its contents are true* for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 1996) (emphases added).

Exhibits D and E are decisions of regulatory agencies and the content of the decisions are not subject to reasonable dispute. *See Rincon Band of Luiseno Mission Indians of the Rincon Reservation v. Schwarzenegger*, 602 F.3d 1019, 1039–40 (9th Cir. 2010) (taking judicial notice of the Department of the Interior's interpretation of the Indian Gaming Regulatory Act).

Dated:   October 23, 2015    ORRICK, HERRINGTON & SUTCLIFFE LLP
                             1152 15th Street, N.W.
                             Washington, D.C. 20005

                             By:  /s/  *Christina Guerola Sarchio*
                             CHRISTINA GUEROLA SARCHIO
                             (admitted *pro hac vice*)
                             Attorneys for Defendants Talkatone, Inc., Talkatone, LLC, and Ooma, Inc